The opinion of the Court was delivered by
Whitner, J.
In delivering the judgment of the Court, I do not propose to discuss the general doctrines applicable to this class of cases.
No question thereupon is involved that has not often been the subject of inquiry and adjudication.
The plaintiff, the former owner of the slave in question, placed her in the possession of his son-in-law, where she remained for a series of years, first in North Carolina, and subsequently in this State. In South Carolina the son-in-law, whilst in possession of the slave, contracted debts and also executed a mortgage of her. The defendant, as sheriff by virtue of certain writs of fieri faeias, and the mortgage, levied on and sold the slave as the property of the son-in-law, and this action is brought to recover her value.
The presiding Judge directed the jury to inquire, and by their verdict they affirm, that the plaintiff enabled the son-in-law to hold himself out as the owner, in such manner as might have deceived creditors, and that Cantrell (the mortgagee) and *73 others extended credit to him upon the faith of the deceitful appearances held out.
In the first ground of appeal it is suggested that the possession of the son-in-law was not adverse, and only for a temporary purpose, and therefore, the rights of creditors could not attach.
The first branch of this proposition is too strongly met by the authorities which lay down the principles on which such a case must rest, and the second branch, by the facts — whether the possession was adverse or not, might be very material in a contest between parent and child, and yet as between the parent and subsequent creditors, amount to nothing at all.
Archer vs. McFall, Rice, 73; Ford vs. Aiken, 1 Strob. 93; and Burgess vs. Chandler, 4 Rich. 170, whatever may be the shades of distinction at which they respectively arrive, will be found to vindicate fully the course pursued by the Judge on circuit. The question submitted to the jury embraced the precise points of the case, and, though I do not propose to review the testimony, I may add that, on the case made, we are of opinion the verdict was well authorized.
On the second ground in reference to the laws of North Carolina, it may be requisite to add a few words. The mode of authenticating a statute of another State, is prescribed by Act of Congress, and the usual proof therefore when relied on is by an exemplification certified by the proper officer. In this State, we have gone a step further. In a case heard many years since, a well known Digest of the Laws of Georgia was regarded competent: Allen vs. Watson, 2 Hill, 319. In a case, 1 Dallas, 458, it was held that a pamphlet purporting to be printed by the Printers for the Commonwealth of Virginia, should be received rima facie. I do not see any well founded objection to the admission of a book bearing the impress of publication by the proper authorities of the State, and it is not improbable that from the comity that prevails by the interchange of the statutes amongst the States, and the frequent *74 occasion for reference in our administration of justice, such a rule may prevail. Though on this point really no duty has been devolved upon me. Whether a statute of the import suggested would under the circumstances of this case have varied the result, or whether as was said by the presiding judge in his report, that the plaintiff by permitting the slave to come into the State, had subjected her to the laws of this State, are not questions now. No evidence was adduced on this subject, • and some such was indispensable before the question could be raised.
The motion for new trial is dismissed.
O’Neall, Ward law, Withers and Munro, JJ., concurred.

Appeal dismissed.